# Exhibit 1

SUMMONS

| | |
|---|---|
| Attorney(s) Amit Deshmukh, Esq. | **Superior Court of** |
| Office Address 29 Columbia Turnpike | **New Jersey** |
| Town, State, Zip Code Florham Park, NJ 07932 | |
| | Hudson ☒ County |
| Telephone Number 973-845-9912 | Chancery Division |
| Attorney(s) for Plaintiff | Docket No: HUD-C-7-22 |

Roberto Paradiso et als
      Plaintiff(s)

vs.

Bank of America, NA

      Defendant(s)

# CIVIL ACTION
# SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

    The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

    If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

    If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

/s/ Michelle M. Smith<br>Clerk of the Superior Court

DATED: 01/28/2022

Name of Defendant to Be Served: Bank of America, NA

Address of Defendant to Be Served: C/o CT Corporation, Registered Agent, 160 Mine Lake Ct. Raleigh, NC 27615

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

Our File No.: 120-21
Amit Deshmukh, Esq. - 127052014
DESH LAW
29 Columbia Turnpike, Suite 302
Florham Park, New Jersey 07932
Tel. (973) 845-9912
*Attorney for Plaintiff*

| | |
|---|---|
| ROBERTO PARADISO, JANICE PARADISO, PRINCIPIO PARADISO and GIOVANNA PARADISO,<br>Plaintiffs,<br><br>-vs-<br><br>BANK OF AMERICA, NA<br><br>Defendant. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: HUDSON COUNTY<br>CHANCERY DIVISION<br>DOCKET NO.: C-7-22<br><br>*Civil Action*<br>**COMPLAINT AND JURY DEMAND** |

Plaintiffs, Roberto Paradiso, Janice Paradiso, Principio Paradiso and Giovanna Paradiso, by way of complaint against the defendant, says:

### JURISDICTION AND VENUE

Jurisdiction and venue are proper as the events giving rise to Plaintiff's Complaint occurred in Hudson County, New Jersey, and amount in controversy exceeds the minimal jurisdictional requirements of this Court.

### THE PARTIES

1. Plaintiffs, ROBERTO PARADISO, JANICE PARADISO, PRINCIPIO PARADISO and GIOVANNA PARADISO are individuals owning a residence at 169 Zabriskie Street in the Township of Jersey City, County of Hudson, and state of New Jersey.

2. Defendant, BANK OF AMERICA, NA is a business operating at 100 North Tryon Street, Charlotte, NC 28255.

3. At all material times, Defendant includes and included any and all parents, subsidiaries, affiliates, divisions, franchises, partners, joint ventures, and organization units of any kind, predecessors, successors and assigns and their officers, directors, employees, agents, representatives and any and all other persons acting on their behalf.

4. At all times mentioned herein, BANK OF AMERICA, NA, or by way of their servants, agents, employees contracts, and/or sub-contractors, had a duty to ensure that their actions and mode of operation did not result in a hazardous, defective, and/or dangerous condition, and to provide appropriate warnings to Plaintiff.

## GENERAL ALLEGATIONS

5. Plaintiffs incorporate by reference all prior allegations contained in this Complaint.

6. On or about January 5, 2007, Plaintiffs and Defendant executed a Mortgage, loan #68821801887499, in the amount $300,000.00, securing Plaintiffs' real property located at 169 Zabriskie Street, Jersey City, NJ as collateral.

7. Unbeknownst to Plaintiffs at the time of execution, Plaintiffs were induced into a fraudulent mortgage.

8. Defendant, through their representative, Deoraine "Trisha" Seebaran, were charged with involvement in fraudulent mortgages, HUD-L-1387-09, and F2008-7039.

9. Plaintiffs made payments until the findings and convictions, and, subsequently, had reason to believe the mortgage was no longer valid and encumbering said real property as Defendants did not respond to any inquires.

10. Plaintiff, Roberto Paradiso, filed bankruptcy on January 8, 2020.

11. Part of the bankruptcy procedure required Defendants to respond to a mortgage inquiry by Plaintiffs.

2

12. On or about October 9, 2020, Defendants provided a payoff in the amount of $323,864.70, higher than the original amount of the mortgage, despite prior payments.

13. On or about March 22, 2021, Plaintiffs notified Defendants of their grievances.

14. Defendant failed to provide adequate or justifiable explanation.

## FIRST COUNT

## VIOLATION OF THE NEW JERSEY CONSUMER FRAUD ACT N.J.S.A 56:8-2.2

15. Plaintiffs hereby repeat each and every allegation set forth above as though set forth herein at length.

16. The New Jersey Consumer Fraud Act ("CFA") N.J.S.A. 56:8-2.2 states:

    "Scheme to not sell item or service advertised. The advertisement of merchandise as part of a plan or scheme not to sell the item or service so advertised or not to sell the same at the advertised price is an unlawful practice and a violation of the act to which this act is a supplement."

17. Defendant had a scheme to defraud Plaintiffs, presumably along with others, with onerous mortgages to Plaintiffs' detriment.

18. Plaintiffs have no opportunity to determine status or validity of mortgage until the bankruptcy in October 9, 2020.

19. Defendant failed to provide response or the required monthly statements in an effort to stall Plaintiffs' cause of action.

20. Defendant still provides no response or justification to the notice of grievance.

21. Mortgages, as with any other loan, are subject to the protections afforded under CFA N.J.S.A. 56:8-1 to -195. See *Gonzalez v. Wilshire Credit Corp.*, 207 N.J. 557, 25 A.3d 1103, 2011 N.J. LEXIS 931 (2011).

3

22. Defendant purposefully raising the value of the mortgage on October 9, 2020 via unexplained fees and inducing entry into a fraudulent mortgages to the benefit of Defendant violates N.J.S.A. 56:8-2.2.

23. CFA has extra heightened scrutiny and the need is most acute in situations where the Defendant, or their agents, focus on depressed areas, such as Jersey City during the time of execution, 2007. See *Kugler v. Romain*, 58 *N.J.* at 544, 279 *A.*2d 64S

**WHEREFORE**, Plaintiffs demand judgment against Defendant for treble damages, interest, costs of suit, attorney's fees, and granting such further relief as the Court deems equitable and just. Actual damages in an amount determined by the Court;

    a. Compensatory damages in an amount to be determined by the Court;

    b. Treble damages in accordance with N.J.S.A. 56:8-2.2;

    c. Interest, costs of suit, attorney's fees;

    d. and granting such further relief as the Court deems equitable and just.

## SECOND COUNT

## VIOLATION OF N.J.S.A. CONSUMER FRAUD ACT 56:8-2

24. Plaintiffs hereby repeat each and every allegation set forth above as though set forth herein at length.

25. N.J.S.A. 56:8-2 states:

> "Fraud, etc., in connection with sale or advertisement of merchandise or real estate as unlawful practice. The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice; provided, however, that nothing herein contained shall apply to the owner or publisher of newspapers, magazines, publications or printed matter

4

wherein such advertisement appears, or to the owner or operator of a radio or television station which disseminates such advertisement when the owner, publisher, or operator has no knowledge of the intent, design or purpose of the advertiser."

26. Defendant advertised mortgage and mortgage services. Defendant employed unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement by failing to disclosure hidden fees.

27. Plaintiffs suffered an ascertainable loss as a result of Defendants' fraudulent and unlawful conduct as aforesaid.

28. Plaintiffs were directly and proximately harmed as a result of Defendants' material misrepresentation.

**WHEREFORE**, Plaintiff demands judgment against Defendants jointly, severally, or in the alternative, for:

    e. Actual damages in an amount determined by the Court;

    f. Compensatory damages in an amount to be determined by the Court;

    g. Treble damages in accordance with N.J.S.A. 56:8-2;

    h. Interest, costs of suit, attorney's fees;

    i. and granting such further relief as the Court deems equitable and just.

## THIRD COUNT

## BREACH OF FIDICUARY DUTY

29. Plaintiffs hereby repeat each and every allegation set forth above as though set forth herein at length.

30. Defendant, as mortgage holder and servicer, owes a duty to the debtor to not charge hidden or excessive fees, or enter into fraudulent mortgages.

31. Defendant breached said duty with their notice, dated October 9, 2020, displaying unexplained fees onto the mortgage.

*WHEREFORE*, Plaintiffs demand judgment against Defendant for damages, interest, costs of suit, attorney's fees, and granting such further relief as the Court deems equitable and just.

## FOURTH COUNT

## QUIET TITLE PURSUANT TO N.J.S.A. 2A:62-1

32. Plaintiffs hereby repeat each and every allegation set forth above as though set forth herein at length.

33. For the aforementioned reasons, Defendant compelled Plaintiffs to obtain a fraudulent mortgage, clouding Plaintiffs' title to the real property.

34. Defendant adds fees and charges without justification to the mortgage, further clouding title and creating a scenario favoring Defendant at the cost of Plaintiffs.

35. N.J.S.A. 2A:62-1 permits a landowner to file suit for clarification of the validity or reach of his title in circumstances that otherwise preclude a forum for the resolution of such a dispute. See *Suser v. Wachovia Mortgage, FSB*, 433 N.J. Super. 317 (N.J. Super. 2013); 78 A.3d 1014.

*WHEREFORE*, Plaintiffs demand the following relief:

   a. Defendant has no estate, interest or right in, or lien or encumbrance upon the aforesaid lands and premises or any part thereof;

   b. Defendant herein is permanently enjoined from asserting any adverse claim to the plaintiff's title to the property;

6

 c. Plaintiff has a perfect title to the subject property, lands and premises and owns same in fee simple, and is entitled to quiet and peaceful possession of the said real property;

 d. Removing and discharging the recorded mortgages held by aforesaid defendants and all persons or entities claiming under said defendant, so as to render the subject property marketable and alienable by plaintiff;

 e. and granting such further relief as the Court deems equitable and just.

## FIFTH COUNT

## QUIET TITLE PURSUANT TO N.J. STAT. § 2A:50-56.1

53. Plaintiffs hereby repeat each and every allegation set forth above as though set forth herein at length.

54. N.J. Stat. § 2A:50-56.1(c): "Six years from the date on which the debtor defaulted, which default has not been cured, as to any of the obligations or covenants contained in the mortgage or in the note, bond, or other obligation secured by the mortgage, except that if the date to perform any of the obligations or covenants has been extended by a written instrument or payment on account has been made, the action to foreclose shall not be commenced after six years from the date on which the default or payment on account thereof occurred under the terms of the written instrument."

55. Here, Plaintiffs defaulted on January 2010, when the last payment was missed.

56. Pursuant N.J.S.A. 2A:50-23,

> "Retroactive effect: This article shall be applicable to all agreements, express or implied, to assume the payment of any bond secured by a mortgage, whether heretofore or hereafter made. In the case of such

7

agreements heretofore made, the time within which the action may be brought, unless previously barred by any provision of law, shall be not later than 3 months from the date of the accrual of the cause of action."

57. Mortgage loans, exactly the same as the one in question, are subject to retroactive application. See <u>Anim Investment Co. v. Shaloub</u>, F-30508-18 (Ch. Div. June 30, 2016)

58. Defendant no longer has the power or right to foreclosure on the real property in question, as of January 2016, clouding title to the determine of Plaintiffs.

***WHEREFORE***, Plaintiffs demand the following relief:

a. Defendant has no estate, interest or right in, or lien or encumbrance upon the aforesaid lands and premises or any part thereof;

b. Defendant herein is permanently enjoined from asserting any adverse claim to the plaintiff's title to the property;

c. Plaintiff has a perfect title to the subject property, lands and premises and owns same in fee simple, and is entitled to quiet and peaceful possession of the said real property;

d. Removing and discharging the recorded mortgages held by aforesaid defendants and all persons or entities claiming under said defendant, so as to render the subject property marketable and alienable by plaintiff;

e. and granting such further relief as the Court deems equitable and just.

## CERTIFICATION PURSUANT TO R. 4:5-1(b)(2)

I hereby certify the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding.

## DESIGNATION FOR TRIAL COUNSEL

Pursuant to R.4:25-4, Amit Deshmukh, Esq., is hereby designated as trial counsel.

## JURY DEMAND

The plaintiff demands trial by a jury on all of the triable issues of this complaint, pursuant to New Jersey Court Rules 1:8-2(b) and 4:35-1(a).

                                                                                    DESH LAW
                                                                                    Attorneys for Plaintiff

Date: January 14, 2022                                       By:   */s/ Amit Deshmukh*
                                                                                          Amit Deshmukh, Esq.